[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE APPORTIONMENT COMPLAINT (#117)
This action arises from a motor vehicle accident in which the defendant Frank DeFelice (DeFelice), operating a vehicle owned by the defendant Paint World, Inc. (Paint World), allegedly exited a private driveway and collided with a vehicle operated by the plaintiff Ann Marie Delmonica (Delmonica). Plaintiff John Carlona (Carlona) was a passenger in the Delmonica vehicle at the time of the collision and joins Delmonica in this action.
The plaintiffs filed a one-count complaint alleging that DeFelice was negligent and that his negligence caused the plaintiffs to sustain personal injuries. The defendants answered the complaint, raising negligence on the part of Delmonica for Carlona's injuries as a special defense. The defendants, thereafter, filed an apportionment complaint against Delmonica. Delmonica now moves to strike the apportionment complaint.
General Statutes § 52-102b (a), states, in part: "A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiffs damages in which case the demand for relief shall seek an apportionment of liability." [emphasis added.]
"In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for such party's proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section." General Statutes § 52-572h (c). CT Page 11290
The apportionment complaint and the special defense filed by the defendants serve the same purpose: to apportion liability pursuant to General Statutes § 52-572h (c). Not only does the court find that it is unnecessary for Delmonica to be joined as an apportionment defendant, but the court also finds that the bringing of an apportionment complaint under these facts is directly contrary to the explicit language of §52-102b(a). The purpose of that section is to bring into court a party not already before the court in some capacity.
Delmonica's motion to strike the apportionment complaint is granted.
By the Court,
Kevin E. Booth Judge of the Superior Court